Thomson, J.
The appellee was plaintiff, and the appellant defendant, helow. Two causes of action were stated in' the complaint. By the first a recovery was sought on a promissory note, dated January 18, 1897, and due ninety days after its date, with interest from date at ten per cent, per annum, which it was alleged the defendant had executed and delivered to the plaintiff. The second set forth an instrument to which the defendant’s name was affixed, and which contained a promise to pay to The Alliance Mutual Fire Insurance Company $105, in such portions and at such time or times, as the directors of the company might order for the payment of losses and expenses pursuant to its charter and by-laws; and alleged that the directors had ordered payment of the full amount named in the instrument for, losses and expenses. The complaint also alleged that the Farmers’ Alliance Mutual Fire Insurance Company and the Alliance Mutual Fire Insurance Company were one and the same company.
The answer denied all the allegations of the complaint; and, as to the first cause of action, admitted the execution and delivery to the plaintiff of the promissory note which it set forth, hut alleged that the note was fraudulently procured upon the *172 pretense that the plaintiff was a solvent, reliable and bona fide insurance company, and would indemnify the defendant against loss by fire to the amount of $3,500 for five years, which pretense was false. The second cause of action was met by substantially the same allegation. By a counterclaim filed with the answer, alleging damages sustained by him, the defendant asked a judgment for fifty dollars against the plaintiff. The replication was a denial. All the pleadings were verified.
On the plaintiff’s motion the suit was dismissed as to the second cause of action. The trial resulted in a verdict in the plaintiff’s favor for $66.95. Judgment was entered accordingly, and the defendant appealed.
The defendant unsuccessfully objected to the introduction of the note in evidence on the ground that in the copy set forth in the complaint the defendant’s name was spelled Colin, whereas his name as shown by the signature to the note was Collin. The defendant’s name was Collin; it is evident that the pleader intended to set forth the same note which was offered; and the difference in the spelling would not constitute a material variance. There was no error in receiving the note in evidence.
Counsel says that defendant, having interposed a counterclaim, it was error to permit the dismissal of plaintiff’s second cause of action. The counterclaim did not apply specially to the second cause of action. It was general, and could have been disposed of at the trial of the first. The withdrawal of the second impaired no right of the defendant to make his counterclaim good, and therefore did him no harm.
The abstract contains what purports to be a letter signed “Farmers’ Alliance Mutual Fire Insurance Company, per B. A. Southworth, Sec.;” another, signed “D. M. Richards, President,” and some *173 matter headed “Extracts from Policy.” Following these we find a statement that on motion of counsel for the plaintiff, the court ordered them stricken out as being incompetent, irrelevant and immaterial. It is contended that this ruling was erroneous. There was no objection to the motion. There was an exception to the ruling, but the exception, without previous objection, amounted to nothing. However, except in the motion to strike the papers out, it nowhere appears that they were ever introduced in evidence at all. Neither are we able to find in the abstract any explanation of them, or any proof that the plaintiff was responsible for them. They appear in the abstract without introduction; on their face they do not seem to be relevant or material; but if they were, without more information concerning them than the abstract affords, we can not say that the court erred in striking them out, even if the motion had been met by proper objection.
The plaintiff introduced a witness and asked him one question; the defendant had commenced to cross-examine him when the plaintiff asked and obtained permission of the court to withdraw his testimony. Defendant objected to its withdrawal, assigning no reason for the objection, and now complains of the ruling against him. The objection was insufficient. It was the right of the court, as well as of the plaintiff, to be informed of the ground upon which it was based.
The abstract of the record which the defendant has furnished us is unsatisfactory. Plainly, it contains only detached and fragmentary portions of the evidence. It leaves us very much in the dark as to what was done at the trial. The presumptions are in favor of the judgment, and we nowhere find anything to break their force.
Let the judgment be affirmed. Affirmed.